UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. ADAMS,

        Plaintiff,

v.

JP MORGAN CHASE BANK, N.A., ET.
AL.,

        Defendant.

_____/

Case No. 15-12788

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT [24];
DENYING AS MOOT MOTION TO DISMISS PLAINTIFF'S COMPLAINT [11]**

Plaintiff claims violations of federal and state law with respect to Defendant JP
Morgan Chase Bank's [Chase] efforts to collect on a home loan and foreclose on
Plaintiff's residence. Plaintiff filed a complaint on August 7, 2015 and Defendant
Chase filed a Motion to Dismiss [11] that complaint on December 4, 2015. Plaintiff
amended his complaint on January 15, 2016. Defendant Chase filed a Motion to
Dismiss Plaintiff's First Amended Complaint on February 23, 2016 [24]. Plaintiff
responded on March 22, 2016 [25] and Defendant Chase replied on March 6, 2016.
The Court finds the motion suitable for determination without a hearing, as provided
by Local Rule 7.1(f)(2), with respect to all of Plaintiff's claims.  For the reasons stated
below, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [24] is

**GRANTED** and Defendant's Motion to Dismiss Plaintiff's Complaint [11] is **DENIED as moot.**

### FACTUAL BACKGROUND

In August of 2000, Plaintiff obtained a loan secured by a mortgage from Chase Bank on a home in Ann Arbor, Michigan (Property). On August 5, 2004, Plaintiff refinanced the Note with Washington Mutual Bank (WaMu Bank) and executed a mortgage against his Property. Plaintiff defaulted on the loan and the mortgage was foreclosed and purchased by WaMu Bank at the foreclosure sale held on May 4, 2006. Plaintiff failed to redeem the property or challenge the foreclosure during the redemption period.

Plaintiff remained in the property and on November 15, 2006, WaMu Bank filed a Complaint in the  District Court to Recover Possession of Property Pursuant to Michigan's Summary Proceedings Act 14A-3. While the action was pending, the Office of the Controller of the Currency declared WaMu Bank insolvent, and the Federal Deposit Insurance Corporation (FDIC) became the receiver for WaMu Bank. On September 25, 2008, the FDIC transferred assets from WaMu Bank, including Plaintiff's Property, to Defendant Chase per a Purchase and Assumption Agreement. Per this agreement, the FDIC granted Chase a Power of Attorney.

On September 28, 2008, the trial judge entered a judgment that awarded WaMu Bank possession of Plaintiff's Property. Plaintiff appealed this judgment to the Circuit

2

Court for Washtenaw County, and Defendant Chase entered an appearance in Court "as acquirer of certain assets and liabilities of WaMu Bank from the FDIC Acting as a Receiver." [25-5]. On January 6, 2010, the Circuit Court entered an Order on the Appeal, which provided that "rulings as to the evidence and findings of fact and law are reversed and the Judgment for possession is vacated and no Writ of Restitution shall enter on behalf of [WaMu Bank]." [25-6].

On March 29, 2013, following failed attempts at settlement negotiations with Plaintiff, Defendant Chase re-filed an eviction action for possession of the Property based on the 2006 foreclosure. On August 28, 2013, Defendant Chase recorded a quitclaim deed relating to the transfer of the Property from the FDIC as Receiver for WaMu Bank to Chase. On December 2, 2013, the State District Court granted Defendant Chase's motion for judgment of possession and ordered that an Order of Eviction issue [24-9]. In that opinion, the Court explicitly stated that the Circuit Court's Order from January 6, 2010 vacating the judgment of possession was based "on an evidentiary issue" and that "no opinion regarding the validity of the foreclosure was issued," and further held that there was no "defect in the foreclosure process," that the property had been foreclosed on, and that since Plaintiff did not redeem the property during the redemption period, the Sherriff's Deed "vested all rights, title, and interest to [Defendant Chase]." *Id.*

Plaintiff appealed the judgment, but the matter was dismissed on both the merits and procedural grounds. On September 29, 2014, the Washtenaw County Circuit Court denied Plaintiff's motion to reconsider the dismissal. Plaintiff next sought an application for leave to appeal the dismissal of his appeal of the Judgment of Possession, and a stay of eviction, from the Michigan Court of Appeals. This was denied on March 11, 2015 for lack of merit. Plaintiff sought leave to appeal to the Michigan Supreme Court, but the motion was denied on September 29, 2015.

While Plaintiff was seeking leave to appeal, Defendant Chase commenced eviction proceedings in the State District Court, and on March 4, 2015 Defendant Chase's Motion for a Writ of Execution was granted. Chase subsequently filed a motion for immediate execution of the Order of Eviction, which was granted on August 5, 2015. On the same day, Plaintiff filed a claim of appeal of the eviction order. On February 10, 2016, the State District Court dismissed the appeal.

Following procurement of the Order of Eviction, Defendant Chase changed the locks on the home while Plaintiff was absent, without oversight of a sheriff or other officer authorized to execute an eviction order under Michigan law.[1]

---

[1] The facts surrounding the lockout are disputed by Defendant Chase, but the Court assumes the veracity of these well-plead factual allegations in this Motion to Dismiss.

1. **MOTION TO DISMISS [11]**

Defendant filed a Motion to Dismiss Plaintiff's Complaint [11] on December 4, 2015. The complaint was amended on January 15, 2016 [20] and Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint [24] on February 23, 2016. Therefore, Defendant's Motion to Dismiss Plaintiff's Initial Complaint [11] is **DENIED as moot.**

2. **MOTION TO DISMISS FIRST AMENDED COMPLAINT [24]**

### STANDARD OF REVIEW

Defendants move to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). On a Rule 12(b)(6) motion to dismiss, the Court must "assume the veracity of [the plaintiff's] well-pleaded factual allegations and determine whether the plaintiff is entitled to legal relief as a matter of law." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)).

When a Plaintiff's claims sound in fraud, "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). In the Sixth Circuit, to meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure concerning allegations of fraud, a Plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where

and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569–70 (6th Cir.2008). These heightened pleading requirements apply both to frauds committed by misrepresentation and/or by omission. *Gilmore v. First Am. Title Ins. Co.*, 2009 WL 2960703, at *3 (E.D. Mich. Sept. 11, 2009). Misrepresentation claims founded in the same fraudulent course of conduct are also held to the heightened pleading standards of Fed. R. Civ. P. 9(b). *Smith v. Bank of America Corp.*, 485 F. App'x 749, 752 (6th Cir.2012).

## ANALYSIS

In Plaintiff's First Amended Complaint, thirteen claims are brought against Defendants Chase and the FDIC.[2] Per Plaintiff's reply, the slander count is dismissed. Plaintiff's claims are premised on the allegation that Defendant Chase acted fraudulently and illegally by seeking possession and in enforcing the order of eviction.

---

[2] The Counts include the following: (1) violations of the Fair Debt Collection Practices Act against Chase and the FDIC; (2) quiet title against Chase; (3) false Encumbrance of Title and Notice of Claim against Chase and the FDIC; (4) Statutory and Common Law Slander of Title against Chase and the FDIC; (5) unlawful eviction and interference with possessory interest against Chase and the FDIC; (6) unlawful entry and trespass against Chase and the FDIC; (7) unlawful constructive eviction against Chase and the FDIC; (8) fraud against Chase and the FDIC; (9) abuse of process against Chase and the FDIC; (10) breach of fiduciary duty against the FDIC; (11) breach of fiduciary duty against Chase; (12) violation of due process guaranteed by the Fifth Amendment against Chase and the FDIC; (13) due process violation against Chase and the FDIC. Plaintiff's claims against the FDIC are based on a theory of vicarious liability for the actions of Defendant Chase.

6

Plaintiff's claims must fail because: (1) Plaintiff's Counts II, III, V, VIII, IX, XI, XII and XIII are barred by *res judicata* and collateral estoppel; and (2) Plaintiff fails to state a claim upon which relief can be granted for Counts I, V, VI, VII, VIII, X, XI, XII and XIII.

### a.  *RES JUDICATA* AND COLLATERAL ESTOPPEL

Plaintiff's claims in Counts II, III, V, VIII, IX, XI, XII and XIII are all based on his alleged right to possession of, or title to, the Property. This issue was decided by the State District Court in an Order entered on December 2, 2013, when it granted Defendant Chase's motion for judgment of possession of Plaintiff's Property and ordered that an Order of Eviction issue against him.

Under the *Rooker-Feldman* doctrine, a Federal District Court does not have subject matter jurisdiction over a litigant's claims if the source of the litigant's alleged injuries is the state court judgment itself. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). However, neither the *Rooker-Feldman* doctrine nor 28 U.S.C. § 1257 prevents a Federal District Court from exercising subject matter jurisdiction in a case where a party attempts to litigate in federal court a matter previously litigated in state court, if the Plaintiff "asserts an independent claim." *Id*. In this case, Plaintiff does not claim that the state court judgment itself is unconstitutional or in violation of state and federal laws. Rather, Plaintiff asserts that the actions of the *Defendants* are

7

the source of his injuries. *Id*. Therefore, the Court has jurisdiction and "state law determines whether the defendant prevails under principles of preclusion." *Id* at 392.

The Full Faith and Credit Act, 28 U.S.C. § 1738, "requires the federal court to give the same preclusive effect to a state court judgment as another court of that State would give." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (citations omitted). Under Michigan state law, there are three requirements for *res judicata*: "(1) the first action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties or their privies." *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich. App. 559, 562 (1997).

Defendant argues that, in *JAM Corp. v. AARO Disposal, Inc.*, 461 Mich. 161, 170 (1999)*,* the Michigan Supreme Court held that "summary proceedings strictly involving a complaint for possession do not bar subsequent lawsuits involving new claims." However, the Michigan Supreme Court later clarified that *JAM Corp.* "said nothing about the preclusive effect of claims actually litigated in the summary proceedings" and merely addressed "claims that could have been brought during the summary proceedings, but were not," and that the decision did not affect subsequent claims involving the issues actually litigated in the summary proceedings." *Sewell v. Clean Cut Mgmt., Inc.*, 463 Mich. 569, 576 (2001).

It is clear from Plaintiff's complaint that Counts II, III, V, VIII, IX, XI, XII and XIII are all premised on the claim that Plaintiff owns full title to the Property, and thus has a right to possession [20]. However, as described above, this issue has already been litigated in the Michigan Courts when the State Court expressly ruled on this issue in the Order of December 2, 2013 granting Defendant Chase's motion for judgment of possession of Plaintiff's Property. Further, to the extent that Plaintiff alleges that Defendant fraudulently presented itself to the Court as in possession of the Property based on WaMu Bank's title obtained at the Sherriff's Sale, the State Court, in its recital of the facts, expressly stated that, when WaMu Bank's judgment of possession was vacated, it was due solely to an evidentiary issue, and that the validity of the foreclosure was not at issue. Therefore, the Court resolved the issue of ownership and possession in its order, which provided that Defendant was entitled to possession of the Property and that there was no basis for Plaintiff to challenge the foreclosure. The Court explicitly granted Defendant Chase possession of the Property on the merits, and concluded that Plaintiff had failed to redeem the Property in time. Therefore, to the extent that Plaintiff's complaint attacks Defendant Chase's claim of possession of the property, Counts II, III, V, VIII, IX, XI, XII and XIII are barred by *res judicata* and these claims, accordingly, are dismissed.

Additionally, these Counts are barred under application of the doctrine of collateral estoppel. In Michigan, collateral estoppel bars the re-litigation of the same

issues in a subsequent lawsuit when: (1) "a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment"; (2) "the same parties must have had a full [and fair] opportunity to litigate the issue"; and (3) "there must be mutuality of estoppel." *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 682-84 (2004) (citations omitted). In regards to this case, Plaintiff's ownership interest in the Property was essential to the State Court's judgment and the issue was litigated and determined by a valid and final judgment, the Plaintiff had a full and fair opportunity to litigate the issue and both parties were present. Therefore, Plaintiff is collaterally estopped from re-litigating the issue of possession and right to the Property so Counts II, III, V, VIII, IX, XI, XII and XIII are dismissed.

### b. FAILURE TO STATE A CLAIM

Plaintiff fails to state a valid claim in Counts I, V, VI, VII, VIII, X, XI, XII and XIII of his First Amended Complaint.

### i. VIOLATIONS OF THE FAIR DEBT COLLECTION ACT (FDCA)

In Count I, Plaintiff alleges that Defendant Chase violated the FDCA, citing 15 U.S.C. §§ 1692(b)(6), 1692(c)(a)(2) and 1692(f)(6), stating that the alleged changing of the lock on Plaintiff's Property by Defendant Chase violated these sections of the FDCA.

10

15 U.S.C. § 1692f(6) states that:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the **following conduct is a violation of this section**:
>
> (6) **Taking or threatening to take any nonjudicial action to effect dispossession** or disablement of property **if**—
>
>> (A) **there is no present right to possession of the property claimed** as collateral through an enforceable security interest;
>>
>> (B) **there is no present intention to take possession of the property**; or
>>
>> (C) the property is exempt by law from such dispossession or disablement.

(emphasis added). At the time of the alleged violation that underpins Plaintiff's FDCA claim, Defendant Chase had a judgment of possession and intended to take possession of the property. Any alleged lockout was undertaken following a judgment of possession and an eviction action and thus cannot be characterized as a nonjudicial action to take possession.

Additionally, eviction activity cannot be the basis for an FDCA violation because summary eviction is not a part of the debt collection process. *Bond v. U.S. Bank Nat'l Ass'n,* No. 09-14541, 2010 WL 1265852, at *5 (E.D. Mich. Mar. 29, 2010). The eviction process begins after debt collection has finished. The State Court held that the foreclosure proceedings were complete, Plaintiff failed to redeem the property, and that Defendant Chase had possession of the Property. Therefore, during

11

any alleged eviction activities, the Defendants were not seeking monetary damages, but rather possession of the property based on a valid Court judgment of possession. *See e.g. Bobo v. Trott & Trott, P.C.,* No. 13-14696, 2014 WL 555201, at *2 (E.D. Mich. Feb. 12, 2014); *Burks v. Washington Mut. Bank, F.A.*, 2008 WL 4966656 at *8–9 (E.D.Mich. Nov.17, 2008) (both holding that evictions are not a debt collection activity). Therefore, Plaintiff's FDCA claim, which is expressly based on the eviction actions of Defendant, must be dismissed. *Id.*

Finally, per the First Amended Complaint, Plaintiff allegedly owed Chase money, thus Defendant Chase was a creditor in this case and not a debt collector. Per § 1692a(6)(F)(ii), any activity that could be considered debt collection activity concerned Defendant Chase collecting a debt that was owed to it and thus not covered by the FDCA. *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003).

Considering the analysis above, Plaintiff fails to state a claim for violations of the FDCA and Count I is dismissed.

## ii. UNLAWFUL EVICTION AND INTERFERENCE WITH POSSESSORY INTEREST

Plaintiff brings his claim for unlawful eviction and interference with possessory interest under MCL 600.2918(1) and MCL 600.2918(2). To support this claim, Plaintiff relies on the alleged lock-out by Defendant Chase, when, per the eviction order, Defendant Chase allegedly changed the locks on Plaintiff's Property when Plaintiff was not at home.

12

As defined by MCL 600.2918(1):

> Any person who is ejected or put out of any lands or tenements in a **forcible and unlawful manner**, or being out is afterwards held and kept out, by force, is entitled to recover.

(emphasis added). In *Shaw v. Hoffman*, where the Michigan Supreme Court stated that to be considered "forcible":

> [T]he entry or detainer must be riotous, or personal violence must be used or in some way threatened, or the conduct of the parties guilty of the entry or detainer must be such as in some way to inspire terror or alarm in the persons evicted or kept out; in other words, the **force contemplated by the statute is not merely the force used against or upon the property, but force used or threatened against persons** as a means of or for the purpose of expelling or keeping out the prior possessor.

*Shaw v. Hoffman*, 25 Mich. 162, 169 (1872) (emphasis added). Michigan State Courts apply the standard of "forcible" from *Shaw* to the "forcible" requirement in MCL 600.2918(1). *Mier v. Zimmerman*, No. 273312, 2008 WL 681158, at *3 (Mich. Ct. App. Mar. 13, 2008)

In this case, Plaintiff has failed to allege any force against persons, but only force against the Property itself. Therefore, Plaintiff cannot state a claim under MCL 2918(1). *Montgomery v. Freddie Mac*, No. CIV.A. 10-11729, 2012 WL 6049085, at *3 (E.D. Mich. Aug. 31, 2012), report and recommendation adopted sub nom. Montgomery v. CitiMortgage, Inc., No. 10-11729, 2012 WL 6047236 (E.D. Mich. Dec. 5, 2012), aff'd (July 14, 2014) (court found that a lock-out performed on a Property when no one was home did not violate MCL 600.2918(1)).

13

MCL 600.2918(2) states that:

> Any **tenant** in possession of premises whose possessory interest has been unlawfully interfered with by the owner is entitled to recover the amount of his or her actual damages or $200.00, whichever is greater, for each occurrence and, if possession has been lost, to recover possession.

(emphasis added). "For purposes of MCL 600.2918(2), "a 'tenant' is the individual or individuals who pay consideration to the landlord for the right to occupy rental property,"

*Eberline v. Nat'l City Mortgage, Inc.*, No. 292022, 2011 WL 3209215, at *4 (Mich. Ct. App. July 28, 2011), *citing Nelson v. Grays*, 209 Mich.App. 661, 665; 531 NW2d 826 (1995).

It is clear from the complaint that Plaintiff was not a tenant at the Property and does not allege that he was a tenant at the Property at the time of the alleged lockout. Therefore, Plaintiff's claim under 600.2918(2) must be dismissed.

For the reasons stated above, Count V of Plaintiff's First Amended Complaint is dismissed for failure to state a claim.

### iii.   UNLAWFUL ENTRY AND TRESPASS

Plaintiff brings a claim of unlawful entry and trespass under Michigan State common law. "Recovery for trespass to land in Michigan is available only upon proof of an unauthorized direct or immediate intrusion of a physical, tangible object onto land over which the plaintiff has a right of exclusive possession." *Adams v.*

14

*Cleveland-Clifs Iron Co.*, 237 Mich.App. 51, 67, 602 N.W.2d 215 (1999). To sustain a claim of trespass, Plaintiff "must hold title to or actual possession of real property on which the alleged trespass occurred in order to maintain a trespass action." *Kiley v. Chase Manhattan Mortgage Co.*, No. 277783, 2008 WL 2744590, at *1 (Mich. Ct. App. July 15, 2008), *citing Mable Cleary Trust v. Edward-Marlah Muzyl Trust*, 262 Mich.App. 485, 508, 686 N.W.2d 770 (2004). In the *Kiley* case, the Court carefully considered the facts and concluded that, while the Defendant had foreclosed on the property at issue and obtained it through a Sheriff's sale, the Plaintiff could state a claim for trespass because Defendant did not yet have possession of the property since the redemption period had not yet expired when Defendant placed a new lock on the Property in question. *Id* at *2. Given that the redemption period had not yet expired, Plaintiff still had the opportunity to retain possession, and therefore Defendant's actions could amount to trespass.

In the case at bar, there is no question that Defendant had sole possession of the Property in question at the time of the alleged lockout. As explained above, Defendant was granted a judgment of possession by the Michigan State Courts. That judgment was based on the fact that the Plaintiff had failed to redeem the Property within the statutory redemption period following the Sheriff's sale. The issue of possession was litigated and determined by a valid and final judgment, the Plaintiff had a full and fair opportunity to litigate the issue and both parties were present. Therefore, at the time of

15

the alleged lockout, Defendant Chase was in possession of the house so Plaintiff's claim of trespass must be dismissed.

### iv.  UNLAWFUL CONSTRUCTIVE EVICTION

In Court VII, Plaintiff brings a claim for unlawful constructive eviction. Michigan Courts have defined constructive eviction as "a landlord's act which deprives the tenant of beneficial enjoyment of the premises to which he is entitled under the lease, causing the tenant to abandon the premises." *Wickins v. Lyon Marine, Ltd.*, No. 176355, 1997 WL 33353736, at *1 (Mich. Ct. App. Apr. 1, 1997), *Briarwood v. Faber's Fabrics, Inc.*, 163 Mich. App. 784, 790, 415 N.W.2d 310, 313 (1987) (nt 2).  Plaintiff has not alleged any facts in his First Amended Complaint that he was ever a tenant of the Property or that Defendant Chase was a landlord. Therefore, Count VII for unlawful constructive eviction must be dismissed for failure to state a claim.

### v.  FRAUD

In Count VIII, Plaintiff claims fraud against Defendant Chase for the execution and recording of the 2013 Quitclaim Deed, alleging that at the time that Chase executed the deed, it knew that it did not have a legal interest in the property. When a Plaintiff's claims sound in fraud, "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). In the

16

Sixth Circuit, to meet the requirements that Rule 9(b) of the Federal Rules of Civil Procedure impose on fraud claims, a Plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569–70 (6th Cir.2008). These heightened pleading requirements apply both to frauds committed by misrepresentation and/or by omission. *Gilmore v. First Am. Title Ins. Co.*, 2009 WL 2960703, at *3 (E.D. Mich. Sept. 11, 2009).

> To properly plead fraud, a Plaintiff must allege that:
>
>> (1) the defendant made a representation that was material; (2) the representation was false; (3) the defendant knew the representation was false, or the defendant's representation was made recklessly without any knowledge of the potential truth; (4) the defendant made the representation with the intention that the plaintiff would act on it; (5) the plaintiff actually acted in reliance; and (6) the plaintiff suffered an injury as a result.

*Stephens v. Worden Ins. Agency, L.L.C.*, 869 N.W.2d 614 (Mich. 2015).

Plaintiff does not allege anywhere in his First Amended Complaint that he acted in reliance on this 2013 Quitclaim Deed in any way. In fact, since Plaintiff challenged the validity of the foreclosure and Defendant Chase's case in State Court regarding possession, it is clear that Plaintiff did not rely on this alleged misrepresentation in any way. Plaintiff also does not allege any facts relating to Defendant's intention for Plaintiff to act upon the alleged fraudulent behavior or

17

regarding how or why the Quitclaim Deed was a false representation. Plaintiff's response to Defendant's Motion to Dismiss does not address the fraud claim and makes no attempt to respond to Defendant's attack on the fraud claim in the Motion to Dismiss First Amended Complaint.

Because Plaintiff has not adequately pled a fraud claim, Count VIII must be dismissed.

### vi. BREACH OF FIDUCIARY DUTY

In Counts X and XI, Plaintiff alleges a breach of fiduciary duty against the FDIC and Chase respectively, concerning the transfer of title of Plaintiff's Property from the FDIC to Chase. In Michigan, "a fiduciary relationship arises from the reposing of faith, confidence, and trust and the reliance of one on the judgment and advice of another." *See Teadt v. Lutheran Church Mo. Synod*, 237 Mich.App. 567, 603 N.W.2d 816, 823 (1999). However, in the case of the relationship between a mortgagor and a mortgagee, there is not generally a fiduciary relationship and a Plaintiff must plead some sort of special circumstances to avoid the general rule. *Coyer v. HSBC Mortgage Servs., Inc.*, 701 F.3d 1104, 1108 (6th Cir. 2012), *citing In re Sallee*, 286 F.3d 878, 893 (6th Cir.2002).

In his complaint, Plaintiff merely asserts that the FDIC had fiduciary duties to him because it was acting as a receiver of WaMu Bank's Assets and that Chase also owed him a fiduciary duty "by virtue of the Power of Attorney executed by the FDIC

and appointing Chase as FDIC attorney-in-fact." Further, in his response brief, Plaintiff once again states that Chase owed him a fiduciary duty because of the fact that Chase "essentially stepped into the FDIC's shoes- and the FDIC, as a trustee, clearly owed a duty to Mr. Adams and other former lenders of WaMu Bank." [25 at 23]. Plaintiff provides no legal authority for his assertion that the FDIC or Chase owed him a fiduciary duty, and a mere conclusory statement is not sufficient to survive a motion to dismiss and does not state a valid claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, Counts X and XI of Plaintiff's First Amended Complaint are dismissed.

### vii.   DUE PROCESS CLAIMS

Plaintiff brings due process claims under the Fifth Amendment (Count XII), and 42 U.S.C. § 1983 (Count XIII), concerning the obtaining of an order of eviction by Defendant Chase. However, the Michigan State Courts expressly found, at every level, that Defendant Chase had the right to possess the Property and entered an order of eviction. Plaintiff appeared in all actions in the Michigan State Courts, as discussed above, presented factual defenses, and attempted to argue that he in fact retained possession of his Property, but these defenses and arguments were all rejected by the Courts. In the Sixth Circuit, "[t]he doctrine of due process does not confer the right to litigate the same question twice," therefore Plaintiff's due process claims must be dismissed. *Sexton v. Barry*, 233 F.2d 220, 224, 75 Ohio Law Abs. 71 (6th Cir. 1956).

19

Moreover, Plaintiff's due process claims also fail for additional reasons. Both claims of due process violations require state action, as the due process clause protects individuals only from governmental action and not private activity. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982). With respect to Plaintiff's Fifth Amendment claim under *Bivens*, the Fifth Amendment applies only to the Federal government. *Pub. Utilities Comm'n of D.C. v. Pollak*, 343 U.S. 451, 461 (1952). To state a claim under 42 U.S.C. § 1983, the complaint must concern deprivation of a right secured by the U.S. Constitution, and the deprivation must have been caused by a person acting under the color of state law. *Wellman v. PNC Bank*, 508 F. App'x 440, 442 (6th Cir. 2012).

Plaintiff's § 1983 claim alleges that Defendant Chase acted under the color of state law because it acted under multiple Michigan statutes when obtaining a writ of restitution/order of eviction [20 at ¶ 159]. When determining whether a private actor can be considered to have acted under the color of state law, the Sixth Circuit applies three tests: the nexus test, the public function test, and the state compulsion test. *Wittstock v. Mark A. Van Sile. Inc.*, 330 F. 3d 899, 902 (6th Cir. 2003).

> The nexus test requires that a sufficiently close relationship exist between the state and the private actor (through regulation or by contract) so that private action may be attributable to the state. The public function test requires that the private actor exercise powers that are traditionally reserved to the state. And, the state compulsion test requires proof that the state significantly encouraged or coerced the private actor, either overtly or covertly, to take a particular action so that the choice is actually that of the state.

20

*Id*. While Plaintiff argues that Defendant acted under the color of state law because it could not have obtained a judgment of possession without the action of the state, this plainly does not satisfy the nexus, compulsion or public function test. Plaintiff has failed to allege any close relationship between Defendant Chase and the Court. Defendant Chase is not alleged to have exercised any power that is traditionally reserved to the state, and there is no alleged coercion or encouragement by the Defendant to the Courts. Therefore, Defendant's obtaining of an order of eviction cannot sustain a § 1983 claim, and this claim must be dismissed. *See Anderson v. Deutsche Bank Nat. Trust Co*., No. 13-CV-12854, 2014 WL 988994, at *6 (E.D. Mich. Mar. 13, 2014) (finding that Plaintiffs' eviction from their house does not qualify as state action).

With respect to Plaintiff's due process claim under *Bivens*, he alleges that his due process right was violated when Defendant Chase fraudulently executed the 2013 Quitclaim deed while acting as a federal agent for the FDIC pursuant to the Power of Attorney. First, the Supreme Court has held that "[a]n extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself" and that there is thus "no *Bivens* cause of action for damages against FSLIC (now known as the FDIC)." *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). Since the First Amended Complaint bases the existence of state action by Defendant Chase on the Power of Attorney granted by the FDIC, and the FDIC cannot have a *Bivens* claim brought

21

against it, Defendant Chase cannot have a claim brought against it as the FDIC's alleged agent.

For the reasons stated above, Counts XII and XIII of Plaintiff's First Amended Complaint are dismissed for failure to state a claim.

## CONCLUSION

Defendant's Motion to Dismiss Plaintiff's Initial Complaint [11] is dismissed as moot. Plaintiff's response [25 at 9] stipulated to the dismissal of Count IV. Counts II, III, V, VIII, IX, XI, XII and XIII are dismissed because they are barred by *res judicata* and collateral estoppel. Counts I, V, VI, VII, VIII, X, XI, XII and XIII are dismissed for failure to state a claim. Therefore, Plaintiff's First Amended Complaint has been dismissed in its entirety.

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's Initial Complaint [11] is **DISMISSED as moot.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's First Amended Complaint is **DISMISSED with prejudice.**

**SO ORDERED**.

                                    s/Arthur J. Tarnow
                                    Arthur J. Tarnow
Dated: June 2, 2016                 Senior United States District Judge